# EXHIBIT C

# EXHIBIT C



# FREEDOM OF INFORMATION REQUEST

June 07, 2022

U. S. Department of State
Office of Information Programs and Services
2201 C Street N.W., Suite B266
Washington, D.C. 20520-0000

*Sent via US Postal Service and Facsimile*

Dear FOIA Officer:

This letter constitutes a request pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, submitted on behalf of the National Immigration Project of the National Lawyers Guild (NIPNLG).

This request seeks information pertaining to data on visa denial rates for individuals who had previously been affected by the prior administrations' presidential proclamations 9645 ("Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats") and 9983 ("Improving Enhanced Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats"). The request also seeks information on how the Department of State has implemented the recission of these proclamations.

We seek a fee waiver, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

## I. Records Requested

NIPNLG seeks the release of all records,[1] including statistical aggregate data, reflecting the following:

1. The number of visa applications (both immigrant and non-immigrant visas) filed by nationals of Eritrea, Iran, Kyrgyzstan, Libya, Myanmar, Nigeria, Somalia, Sudan, Syria, Tanzania, and Yemen per month between February 1, 2016 and January 1, 2022.

2. The number of visa applications (both immigrant and non-immigrant visas) denied to nationals of Eritrea, Iran, Kyrgyzstan, Libya, Myanmar, Nigeria, Somalia, Sudan, Syria,

---

[1] In this request, "records" shall refer to, but not be limited to, all worksheets, coversheets, forms, emails, written documents, database entries, post-it notes, logs, metadata, files, correspondence, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training manuals, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications, and/or video tapes.

       Tanzania, and Yemen per month between February 1, 2016 and January 1, 2022.
   a. For each of these applications, we request anonymized, individual-level data on every application reflecting:
      i. the reason for denial noted;
      ii. the consulate where the application was submitted;
      iii. the number and date of prior visa applications filed by the applicant;
      iv. the number of prior visas granted; and
      v. the age and gender of the applicant.

3. The number of visa applications (both immigrant and non-immigrant visas) denied to nationals of Eritrea, Iran, Kyrgyzstan, Libya, Myanmar, Nigeria, Somalia, Sudan, Syria, Tanzania and Yemen per month after February 1, 2021 who had previously been denied a visa pursuant presidential proclamations 9645 and 9983.

4. The number of visas revoked by nationals of Eritrea, Iran, Kyrgyzstan, Libya, Myanmar, Nigeria, Somalia, Sudan, Syria, Tanzania, and Yemen per month between February 1, 2016 and January 1, 2022.

5. The number of visas denied pursuant to Section 212(a)(3)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(3)(B) between January 1, 2016 and January 1, 2022.

6. The number of visas denied to nationals of Eritrea, Iran, Kyrgyzstan, Libya, Myanmar, Nigeria, Somalia, Sudan, Syria, Tanzania, and Yemen pursuant to Section 212(a)(3)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(3)(B) between January 1, 2016 and January 1, 2022.

7. Records identifying policies and procedures, training materials, and communications regarding the implementation of Presidential Proclamation 10141 titled "Ending Discriminatory Bans on Entry to the United States" and issued on January 20, 2021.

NIPNLG asks that any records that exist in electronic form be provided electronically in their native file format, if possible. Alternatively, NIPNLG requests that records be provided electronically in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, and that the records be provided in separate, Bates-stamped files. Please produce with the records any metadata and load files. If codes are employed, please also produce any documents in your possession explaining the codes employed, and what they signify.

If under applicable law any of the information is considered exempt, we request a *Vaughn* index describing each withheld document with sufficient specificity to enable us to determine the propriety of your claimed exemption. Please describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

## II.      The Requestor

NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and all advocates seeking to advance the rights of noncitizens. The NIPNLG provides training to the bar and the bench on immigration consequences of criminal conduct, and is the author of four treatises on immigration law published by Thomson Reuters. In addition, NIPNLG staff present, and regularly publish practice advisories, on immigration law topics, which are disseminated to its members as well as to a large public audience through its website, www.nationalimmigrationproject.org. Finally, NIPNLG has contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

## III.      Request for Waiver of All Costs

NIPNLG is an organization that works on behalf of immigrant communities and seeks that the agency waive all fees associated with this request.

NIPNLG is entitled to a waiver of all costs because disclosure of the information is "…likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). *See also* 6 C.F.R. § 5.11 (k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution).

A fee waiver also would fulfill Congress' intent in amending the FOIA. *Judicial Watch, Inc. v. Rossoti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (discussing that Congress intended the FOIA to be construed broadly to favor fee waiver for noncommercial requests). In addition, NIPNLG has the ability to widely disseminate the requested information. *Judicial Watch*, 326 F.3d at 1301 (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

### a.  Disclosure of the Information Is in the Public Interest

Disclosure of the requested information will contribute significantly to the public's understanding of how the United States immigration system operates. Specifically, many Americans are concerned about the long-term effects of the previous administrations' executive orders designed to curtail the immigration of Muslims into the United States. The records requested will provide information that will shed light on this issue. This information is not currently available to the public.

NIPNLG has the capacity and intent to disseminate widely the requested information to the public. NIPNLG will review, analyze and and/or summarize the information obtained through this FOIA. In addition, NIPNLG's staff will speak publicly and publish related written materials to be shared with the public, organizational members and the academic community. NIPNLG will make the information available through their websites, which are accessible by any member of the public. Finally, NIPNLG has frequent contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

      **b. Disclosure of the Information Is Not Primarily in the Commercial Interest of the Requester**

NIPNLG is a tax-exempt, not-for-profit educational and charitable organization. NIPNLG is a 501(c)(3) organization. Attorneys, noncitizens and any other interested members of the public may obtain information about immigration-related issues through its distribution of written materials, including their individual websites, and through public and educational appearances. The requested information is sought for the purpose of disseminating it to members of the public, including through posting it on NIPNLG's websites and other publications, and not for the purpose of commercial gain.

## IV.    Address for Productions

Thank you for your consideration of this request. We look forward to your response to our request within twenty (20) business days, as required by statute. 5 U.S.C. § 552(a)(6)(A)(i). Please furnish records as soon as they are identified via email to khaled@nipnlg.org and by mail to:

    Khaled Alrabe
    National Immigration Project of the
    National Lawyers Guild
    2201 Wisconsin Ave. NW, Suite 200
    Washington, DC 20007

Thank you in advance for your prompt response to this request. If you have any questions regarding this request, please contact Khaled Alrabe at khaled@nipnlg.org.

    Sincerely,

Khaled Alrabe
National Immigration Project
 of the National Lawyers Guild
2201 Wisconsin Ave. NW, Suite 200
Washington, DC 20007
Telephone: 510.679.3994
Email: khaled@nipnlg.org