UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.<br><br>Defendants. | Civil Action No. 22-cv-3634 (TSC) |

## ANSWER TO COMPLAINT

Defendant U.S. Citizenship and Immigration Services ("USCIS") and Defendant U.S. Department of State ("DOS"), by and through the undersigned counsel, respectfully submit the following answer to the Complaint (ECF No. 1) filed by the National Immigration Project of the National Lawyers Guild (Plaintiff) on December 5, 2022.

## FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

Some or all parts of the FOIA requests at issue fails to reasonably describe the requests sought and/or are overly broad and would impose an undue burden.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**FOURTH DEFENSE**

FOIA does not provide for declaratory relief against a federal agency.

**RESPONSES TO NUMBERED PARAGRAPHS[1]**

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

1. This paragraph purports to characterize the nature of this action and the content of Plaintiff's FOIA requests, to which no response is required. To the extent any response is required, Defendants refer the Court to Plaintiff's Complaint and the FOIA requests referenced in the Complaint for a complete and accurate statement of their contents, and denies the allegations to the extent inconsistent with the content of those requests.

2. This paragraph purports to characterize the content of Plaintiff's FOIA requests, to which no response is required. To the extent any response is required, Defendants refer the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and deny the allegations in this paragraph to the extent inconsistent with the content of those requests.

3. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there is some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

---

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

### Jurisdiction and Venue

4. Defendants admit that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

5. Defendants admit that venue is proper in this judicial district for an action under FOIA.

### Parties

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendant USCIS admits that it is a component of the Department of Homeland Security which is an agency within the meaning of FOIA. The second sentence of paragraph 7 is a conclusion of law to which no response is required.

8. Defendant DOS admits the first sentence of this paragraph. The second sentence of this paragraph asserts a conclusion of law to which no response is required.

### Statutory Framework

9-16. These paragraphs seek to characterize the provisions of FOIA and otherwise assert conclusions of law to which no response is required. To the extent a response is deemed to be necessary, Defendants respectfully refer the Court to the cited provisions of FOIA for a complete and accurate statement of their contents.

### Factual Background

*USCIS FOIA Request*

17. Defendant USCIS admits Plaintiff submitted a FOIA request to USCIS by email dated June 6, 2022, and that a copy of the request is attached as Exhibit A to the Complaint. Defendant refers the Court to Plaintiff's FOIA request for a complete and accurate

statement of its contents and denies any allegations inconsistent with the content of that request.

18. Defendant USCIS admits that it acknowledged receipt of Plaintiff's FOIA request in a letter dated June 28, 2022, and that a copy of the referenced letter is attached as Exhibit B to the Complaint. Defendant refers the Court to the June 28, 2022 letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that letter.

19. Defendant USCIS admits the allegation in paragraph 19.

20. Paragraph 20 consists of a conclusion of law to which no response is required.

***DOS FOIA Request***

21. Defendant DOS admits that Plaintiff submitted a FOIA request to DOS dated June 7, 2022, and that a copy of the request is attached as Exhibit C to the Complaint. DOS refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

22. Defendant DOS admits that it acknowledged receipt of the request on June 13, 2022 via email, which email is attached as Exhibit D to the Complaint. DOS refers the Court to that response for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that response.

23. Defendant DOS admits the allegations in this paragraph.

24. This paragraph consists of legal conclusions to which no response is required.

### Plaintiff's Claims for Relief

25. Defendants incorporate the allegations of the foregoing paragraphs as if fully set forth herein.

26. Paragraph 26 consists of legal conclusions to which no response is required.

27. Paragraph 27 consists of legal conclusions to which no response is required.

28. Paragraph 28 consists of legal conclusions to which no response is required.

29. Paragraph 39 consists of legal conclusions to which no response is required.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

The remaining portions of Plaintiff's Complaint contain its request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
United States Attorney's Office
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for Defendants